Randolph C. Foster, OSB No. 784340
rcfoster@stoel.com
Steven E. Klein, OSB No. 051165
seklein@stoel.com
**STOEL RIVES LLP**
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **LEGACY HEALTH**, an Oregon nonprofit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**LEGACY HEALTH GROUP, LLC**, a Utah limited liability company; **VOX NUTRITION, INC.**, a Utah company; **CHARLIE WAYNE ESTES**, an individual d/b/a Green Solutions d/b/a Estes Holding Company, and **DOES 1 through 25**,<br><br>　　　　　Defendants. | Case No. 3:11-CV-01327-BR<br><br>**STIPULATED FINAL JUDGMENT** |

This matter came before the Court on the parties' January 5, 2012 Stipulation for Entry of Judgment. Based on the parties' stipulation,

Page 1　-　STIPULATED FINAL JUDGMENT

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.      Defendants Legacy Health Group LLC and Vox Nutrition, Inc, and each of them, (collectively referred to herein as "Defendants"), together with (i) any officer, manager, owner, employee, director, or agent of either of the Defendants, (ii) any other entity controlled by, related to, or affiliated with either the Defendants or defendant Charlie Wayne Estes, and (iii) any other person or entity acting in active concert or participation with any of the Defendants or Charlie Wayne Estes, will:

   1.1      By December 31, 2011 permanently cease all use of the word LEGACY, either alone or in combination with any other word or image, in connection with any business or commercial activity in any way related to health, wellness, nutrition, dietary or nutritional supplements, nutraceuticals, remedies or treatments, drugs, diet, or weight-loss related products or services, including without limitation the use of the word LEGACY, either alone or in combination with any other word or image, in connection with products, services, packaging, labeling, branding, advertising, marketing, trade or business or corporate names, domain names, and websites;

   1.2      By December 31, 2011, permanently cease all use of any Internet domain name or website which employs the word LEGACY, including domain names or websites owned or controlled by the Defendants, or by any entity controlled by or affiliated with either of the Defendants or Charlie Wayne Estes, that are used by, leased to, loaned to, or otherwise made available for the use of related parties such as any affiliates, resellers, agents or distributors;

      1.2.1    Notwithstanding the foregoing, until March 28, 2012, Defendants may set the domain name at www.legacyhealthgroup.com to an inactive status that will not display a website associated with that domain but will redirect traffic to another site operated by or for Defendants

that does not use the word LEGACY in any manner. The redirection shall end no later than March 28, 2012.

    1.3    Not use or include the word LEGACY, by itself or in combination with any other word as website text or as a website metatag or similar device to enhance Internet visibility or traffic; and

    1.4    Not effect any assignments or transfers, or form any new entities or utilize any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above. This provision shall not prohibit either of the Defendants from transferring or selling to an unaffiliated person or entity the domain www.legacyhealthgroup.com, in its sole discretion. However, it is understood that Legacy Health reserves all of its rights with respect to any such transfer or sale and that this Judgment does not act as a bar against an action by Legacy Health arising out of or related to any such transfer or sale.

2.    By use of a written communication to be distributed by December 30, 2011 (with a copy of the text of the communication provided to counsel for Legacy Health), Defendants will advise all persons or entities that it believes have purchased any of Defendants' products, or those of affiliated entities, that bear the word LEGACY on the product, product label or product packaging that:

    2.1    Defendants and their related entities are repackaging their products pursuant to a settlement agreement, and resulting judgment and injunction entered by this Court, that requires Defendants and related entities and persons to cease use of the term LEGACY as provided in paragraph 1.1 of this judgment (Defendants will provide the recipient of the communication with a copy of this judgment);

2.2   The resale of any such product bearing the word LEGACY is no longer authorized by Defendants, or their related parties, and any such resale may subject the seller to legal action by Legacy Health; and

2.3   Defendants will provide, without cost, a replacement product in exchange for any unopened, unexpired product that bears the word LEGACY on the product, labeling, or packaging that the purchaser wishes to send back to Defendants, and Defendants will pay all associated shipping costs for the returned products and their replacements.

3.   Legacy Health is awarded the sum of $10,000 against Defendants, jointly and severally.

4.   The parties will bear their own attorneys fees and costs incurred in connection with this action.

5.   The Court will retain continuing jurisdiction over this matter to enforce the terms of this Judgment.

6.   Except as provided in this Judgment, Legacy Health shall take nothing further against the Defendants in connection with the claims it asserted in this action, and any remaining claims against them or any other defendant in this matter are dismissed without prejudice.

ENTERED this 9th day of January, 2012.

_____
HONORABLE ANNA J. BROWN
UNITED STATES DISTRICT COURT JUDGE

Page 4   -   STIPULATED FINAL JUDGMENT

71062530.2 0015023-00238